Dear Judge Grisbaum:
Your request to the Attorney General has been refereed to me for research and reply.
Your questions are as follows:
 "May the fees collected by the clerks under LSA-R.S. 13:352 be used to reimburse court of appeal judges for dues paid to the newly formed Louisiana Judges Association?
 You also ask if the appropriation under LSA-R.S. 13:698 may also be used to similarly reimburse district court judges?"
As background you state that the new association is being incorporated as a non-profit corporation and will perform functions such as a legislative liaison, engage in the screening of bills effecting the judiciary and being available to relevant committees for information purposes.
Our research has revealed nothing that would prohibit the funds collected pursuant to LSA-R.S. 13:352 and 13:698 from being used to pay these dues.
Those statutes, in pertinent part, read as follows:
LSA-R.S. 13:352 (C)
 "From the fees collected by each clerk, he shall pay the premiums on the fidelity bonds required under LSA-R.S. 13:351. The balance shall be retained and may be expended for the purchase of stationary, books, furniture, equipment and other expenses in the operation of the court and the clerk's office, as directed by the court." (Emphasis added.)
LSA-R.S. 13:698 provides:
 "District judges and the judge or judges of the family court for the parish of East Baton Rouge and the judge or judges of the juvenile court of East Baton Rouge, of the juvenile court for Caddo Parish, the juvenile court for the parish of Jefferson, and the Orleans Parish Juvenile Court shall be reimbursed actual expenses of the salaries of stenographers, clerks, law books, legal periodicals, stationary, telephone, and like expenses incurred in the discharge of their duties. Such expenses shall not exceed the sum of five thousand dollars for any judge in any one year." (Emphasis added.)
In our opinion, payments made from these funds to reimburse for dues paid to the association are expenses incurred in the operation of the courts and/or in the discharge of the judge's duties. The purpose of the association as set forth in its articles is as follows:
 "Article 2. Purpose. This corporation is organized for the purpose of creating a liaison between the judges of the state of Louisiana; to encourage continuing legal education; to resolve common problems; to encourage the highest level of performance from its individual members; to foster public confidence in the judiciary; to improve efficiency in the administration of justice; and to bring to the people of Louisiana a court system of the highest standards."
Clearly, the purpose of the association is to enhance the ability of the judges to discharge their duties and to improve the operation of the courts and as such, reimbursement of dues would be a covered expense.
We note that two limitations on payment are that (1) premiums on fidelity bonds have priority of payment under LSA-R.S. 13:352 and (2) that LSA-R.S 13:698 places a $5,000.00 cap on expenses paid pursuant to its provisions.
Subject to these limitations, we believe that dues to the association may be reimbursed pursuant to the above statutes.
We hope the foregoing answers your questions and if you need any further information please contact our office.
Yours very truly
 RICHARD P. IEYOUB Attorney General
 BY: ____________________________ JAMES M. ROSS Assistant Attorney General
RPI/JMR:cwr
DATE RECEIVED: October 11, 1995
DATE RELEASED:
JAMES M. ROSS Assistant Attorney General